**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:18-cv-00299

PATRICIA L. BROWN

    Plaintiff,

    v.

MEDIANEWS GROUP, INC.
d/b/a Digital First Media

    Defendant.

## COMPLAINT

Plaintiff Patricia L. Brown, by undersigned counsel, brings this action against Defendant MediaNews Group, Inc. She seeks relief for unlawful employment discrimination in violation of the Age Discrimination in Employment Act (ADEA), and retaliation for complaining about employment discrimination, in connection with the termination of her employment by the Defendant.

**PARTIES**

1. Plaintiff Pat Brown is a citizen of the United States and a resident of the State of Colorado. Her date of birth is April 1, 1954, and at the time MediaNews Group terminated her employment, she was 62 years old.

2. Defendant MediaNews Group, Inc., d/b/a Digital First Media ("MediaNews Group") is a national publishing company involved in the business of

newspaper and digital news publication and distribution. It is a Delaware corporation based in Denver.

3.      MediaNews Group employed Ms. Brown in the position of Accounting Manager within the General Ledger Accounting Group, located at the company's "Shared Service Center" office in Colorado Springs.

## JURISDICTION AND VENUE

4.      Jurisdiction is proper in this Court pursuant to 28 U.S.C. §1331 (federal question jurisdiction), as Plaintiff's claims for monetary damages and other relief arise under the laws of the United States, including the ADEA, 29 U.S.C. 621 *et seq.*

5.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b), as the unlawful employment practices alleged herein were committed within this judicial district.

6.      Plaintiff has complied with all jurisdictional, administrative, and legal prerequisites to filing to this action, and this action has been timely commenced.

## FACTS

7.      Plaintiff Pat Brown is a seasoned professional with substantial experience in complex business accounting procedures. Before joining MediaNews Group, she worked for Wells Fargo Bank for six years as an accounts receivable lead. Prior to that, she amassed over 27 years of industry experience as a retail operations manager for Epstein's, a department store chain in Baltimore, Maryland.

8.      MediaNews Group employed Pat Brown from February 16, 2015 until her wrongful termination on December 12, 2016.

-3-

9. Pat Brown began her employment with MediaNews Group in the position of General Ledger Supervisor.

10. In March 2016, Pat Brown was promoted to the position of General Ledger Accounting Manager. In that position, she reported directly to Lori Smyth, Circulation Billing & Accounting Director.

11. On September 12 and 13, 2016, Pat Brown met with Linda Bradford, Vice President of the Shared Service Center, her second-level supervisor. They discussed the concerns regarding discrepancies in the "cash clearing accounts", which are otherwise denoted as "2310" accounts. Ms. Bradford directed Pat Brown and her team to "clear" (i.e. resolve and reconcile) all of the discrepancies by the end of the month, and to accord highest priority to this task.

12. The discrepancies at issue originated and long predated Pat Brown's tenure in her position, going back to at least 2014. They also originated in multiple other divisions of the company, and were consolidated from dozens of accounts located in five other states, including Pennsylvania, Connecticut, New York, Michigan, and Ohio.

13. Despite their best efforts, Pat Brown and her team could not complete clearing all of the 2310 accounts discrepancies by the end of September 2016, and they continued working on the problems.

14. Pat Brown and her team could not complete the assigned task without cooperation and assistance from other departments within the Shared Service Center. When Pat Brown noted this challenge, Lori Smyth falsely accused her of "blaming" the other departments.

15. On October 5, 2016, Pat Brown met with Lori Smyth again concerning the status of these efforts. Ms. Smyth expressed dissatisfaction with the pace of progress on the assigned task, and threatened to take disciplinary action against Ms. Brown if it was not fully completed by the end of October.

16. On November 8, 2016, Lori Smyth gave Pat Brown a "Written Warning" alleging that her performance was unsatisfactory in connection with the 2310 accounts reconciliations. That same date, Pat Brown provided a lengthy and detailed rebuttal statement to this action. In particular, she rejected Smyth's allegation that she had not been sufficiently diligent in addressing the issue. She also pointed out several serious factual errors in Smyth's description of the events in question. Finally, she told Smyth that she felt that she was "being pushed out of the company".

17. On November 10, 2016, Pat Brown contacted the company's Senior Vice President for Human Resources, to clarify whether her rebuttal to the Written Warning would be reviewed by anyone, or whether it would just be placed in the file. She was assured that it would be reviewed by the Human Resources Director.

18. On December 8, 2016, Lori Smyth approached Pat Brown in her office to discuss progress on the 2310 accounts reconciliation matters. Ms. Brown provided her with an update, and Ms. Smyth replied that she would be out of town on business the following week, but that when she returned, she planned to meet with Ms. Brown and review everything and "have a long talk" about it.

19.     By that date, Pat Brown and her team had cleared and practically eliminated nearly all of the 2310 accounts discrepancies at issue, except for a minimal amount of less than $100.

20.     On December 9, 2016, Pat Brown sent a memorandum to the Human Resources Director to follow-up on her previous communication. In that memorandum, she stated "I feel I am working in a hostile work environment and I am being discriminated against because management knows I am at retirement age and are trying to push me out of the company." She explained that there were multiple examples of other managers in the company who failed to correctly reconcile the same accounts, and who did not receive any disciplinary action.

21.     On December 12, 2016, MediaNews Group terminated Pat Brown's employment. In the termination memorandum, Lori Smyth alleged that Pat Brown "fail[ed] to acknowledge [her] role as the manager in ensuring the accounts are correct" and that she had been "unable to demonstrate the ability to manage [her] team and take ownership of [her] work."

22.     Prior to and following Pat Brown's unlawful termination, other General Ledger Accounting Managers who also reported to Lori Smyth and Linda Bradford, continued to have unresolved discrepancies, in similar or larger amounts, in 2310 accounts for which those managers were responsible. Each of these other managers were, and are, substantially younger than Pat Brown. Upon information and belief, none received any disciplinary action because of these matters. In addition, no other General

Ledger Accounting Manager and his/her team successfully addressed 2310 accounts discrepancies to the extent that Pat Brown and her team did.

23.     On January 31, 2017, Plaintiff timely filed a charge of age discrimination against Defendant with the Colorado Civil Rights Division and the Equal Employment Opportunity Commission (EEOC), Charge No. FE2017399488.

24.     On November 9, 2017, Plaintiff was mailed a Notice of Right to Sue ("NRTS") from EEOC. This action is commenced within ninety (90) days of the NRTS.

### FIRST CAUSE OF ACTION: AGE DISCRIMINATION

24.     All foregoing paragraphs are alleged and incorporated herein by reference.

25.     Based on her age, Plaintiff belongs to a protected group under the ADEA.

26.     Defendant intentionally engaged in unlawful employment practices and policies in violation of the ADEA. These practices include, but are not limited to, unfairly criticizing Plaintiff's performance, and terminating Plaintiff's employment because of her age.

27.     Defendant knowingly and willfully discriminated against Plaintiff because of her age, justifying an award of liquidated damages under the ADEA.

28.     As a proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer loss of pay, salary, and benefits, loss of job, loss of career opportunities, and related injuries of a similar nature. She seeks relief as noted below in the "Relief Requested" section of this Complaint.

## SECOND CAUSE OF ACTION: ADEA RETALIATION

29. All foregoing paragraphs are alleged and incorporated herein by reference.

30. When Brown complained about the company's discrimination against her on the basis of her age, she engaged in a protected activity.

31. Plaintiff's discussion with her supervisor on December 8, 2016, indicates that Defendant had not reached any decision and did not intend to terminate Plaintiff's employment at that time. The next day, Plaintiff complained to HR and included an allegation of age discrimination. Defendant fired Plaintiff the following Monday, December 12, 2016. In addition to temporal proximity, a causal connection exists between Brown's protected activity (i.e., sending a written complaint to HR alleging age discrimination), and Defendant's termination of Brown's employment shortly thereafter.

32. Defendant's conduct as alleged above constitutes retaliation against Brown because she engaged in employment activities protected by the ADEA. Defendant thereby violated Brown's rights under the ADEA, 29 U.S.C. § 623(d).

33. Defendant knowingly and willfully retaliated against Plaintiff because of her age discrimination complaint, justifying an award of liquidated damages under the ADEA.

34. As a direct and proximate cause of Defendant's unlawful retaliation against Brown for engaging in protected employment activities by filing an EEO complaint alleging age discrimination, Brown has suffered lost wages and/or benefits to

which she otherwise would have been entitled and emotional distress. She seeks the relief below noted.

## RELIEF REQUESTED

WHEREFORE, Plaintiff Patricia Brown respectfully requests the Court enter judgment in her favor and against Defendant, and Order the following relief:

(a) Back pay, benefits, and other economic losses, including adjustments to her retirement benefits;

(b) Reinstatement or front pay in lieu thereof;

(c) Liquidated damages as allowed by law;

(d) Injunctive and declaratory relief;

(e) Prejudgment and post-judgment interest at the highest lawful rate;

(f) Attorney and expert witness fees, and costs as allowed by law;

(g) Any such further legal and equitable relief allowable by law or as justice requires.

## JURY DEMAND

Plaintiff requests a trial by jury on all the issues in this action that are triable to a jury.

Respectfully submitted this 6th day of February, 2018.

*/s/ Gary M. Kramer*
Gary Kramer Law, LLC
1465 Kelly Johnson Blvd, Suite 210
Colorado Springs, CO 80920
Phone: (719) 694-2783
gary@garykramerlaw.com
**Attorney for Plaintiff Patricia Brown**